UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> KARA ONE FEATHER, <br> Defendant. | 1:11-CR-10055-CBK <br><br> ORDER |

Counsel for defendant moved for a determination of defendant's mental competency and the Court ordered that defendant undergo a competency examination for the purposes of determining her present competency to assist in her defense of the pending revocation petition. Defendant was evaluated by Scott Pribyl. A written report was prepared and has been filed. The district court must conduct an evidentiary hearing if there is sufficient doubt about the defendant's competence. United States v. Long Crow, 37 F.3d 1319, 1325 (8th Cir. 1994). Consistent with Long Crow, the Court held a hearing on July 16, 2018, pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), to determine the competency of defendant. The government appeared by Jeremy Jehangiri and the defendant appeared in person and with her attorney Marshall Lovrien.

Counsel for the defendant and for the government have stipulated to the information contained in Scott Prybl's report. The Court finds that the written report submitted in this case meets all the requirements of 18 U.S.C. § 4247(c).

The Court has read and considered the report, as have counsel for the government and counsel for the defendant. Scott Pribyl opines that the defendant currently suffers from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her, or to assist properly in her defense.

"It has long been accepted that a person whose mental condition is such that [s]he lacks the capacity to understand the nature and object of the proceedings against [her], to consult with counsel, and to assist in preparing [her] defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 170, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). "Accordingly, as to

federal cases, we have approved a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding-and whether [s]he has a rational as well as factual understanding of the proceedings against [her].'" *Id.* at 172, 95 S.Ct. at 904 (*quoting* Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960)).

The Eighth Circuit has observed that:

> Importantly, "not every manifestation of mental illness demonstrates incompetence." That a defendant suffers from a mental deficiency or demonstrates "bizarre, volatile, and irrational behavior" does not necessarily make [her] incompetent to stand trial. A defendant's competency is not static and may change over even a short period of time. Thus, it is incumbent on the district court to base its competency determination on the defendant's current state of mind to the extent it is ascertainable from the information available.
>
> There are two elements to a competency finding: (1) whether "the defendant has a rational as well as factual understanding of the proceedings against [her]," and (2) whether the defendant "is able to consult with [her] lawyer with a reasonable degree of rational understanding."

United States v. Ghane, 593 F.3d 775, 779-80 (8th Cir. 2010) (internal citations omitted).

I adopt the opinion of Scott Pribyl and find that there is a basis to conclude by a preponderance of the evidence that defendant is suffering from a mental disease or defect as found by the expert.

As the United States Court of Appeals for the Eighth Circuit explained in United States v. Ferro, 321 F.3d 756 (8th Cir. 2003), a three-part scheme for determining mental competency to stand trial exists under 18 U.S.C. § 4241:

> A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a), (d). If the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, "the court shall commit the defendant to the custody of the Attorney General" and the "Attorney General shall hospitalize the defendant for treatment . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [s]he will attain the capacity to permit the trial to proceed . . ." 18 U.S.C. § 4241(d), (d)(1).

2

> Finally, if it becomes apparent that the defendant will not attain sufficient capacity to proceed to trial, a "dangerousness hearing" is conducted in accordance with the provisions of 18 U.S.C. § 4246 to determine if the defendant would pose a "substantial risk of bodily injury to another person or serious damage to property of another" upon release. *See id.* (referring to 18 U.S.C. § 4246(a)).

*Id.* at 760-61.

The Eighth Circuit has observed that "[w]hen a finding of mental incompetence is made after the competency hearing mandated by § 4241(a), the defendant **must** be committed under § 4241(d) for a restoration-of-competency evaluation, even if there is evidence that [her] condition can never improve." United States v. Millard-Grasshorn, 603 F.3d 492, 494 (8th Cir. 2010) (emphasis supplied).

Now, therefore,

IT IS ORDERED:

1. Pursuant to 18 U.S.C. § 4241, the Court finds by a preponderance of the evidence that the defendant, Kara One Feather, is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

2. Defendant is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1) for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Kara One Feather will attain the capacity to permit the revocation matter to proceed. The four months shall commence when the defendant is hospitalized for treatment in a suitable facility.

3. The United States Marshals Service shall forthwith transport the defendant to the facility designated by the Bureau of Prisons.

4. Upon completion of the four month period, unless otherwise ordered by the Court, the defendant is to be returned to the District of South Dakota, either for disposition of the petition pending herein or for a determination, pursuant to 18 U.S.C. § 4241(d)(2), of whether said defendant's hospitalization should continue for any additional period of time.

5. Upon completion of the four month period, a report of the findings shall be furnished to the Court pursuant to 18 U.S.C. § 4247(c). The Court will cause the report to be filed and copies to be provided to Assistant United States Attorney Jeremy R. Jehangiri, to the defendant's attorney, Marshall C. Lovrien, and to the defendant.

6. Defendant shall not be involuntarily medicated without further order of the Court.

DATED this 16th day of July, 2018.

BY THE COURT:

*[signature: Charles B Kornmann]*

CHARLES B. KORNMANN
United States District Judge